MDR

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Bobby Scott,

Plaintiff,

v.

The GEO Corp., et al.,

Defendants.

No.    CV 22-08129-PCT-JAT (JFM)

**ORDER**

On July 15, 2022, pro se Plaintiff Bobby Scott, who is confined in the Arizona State Prison-Kingman, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), a Motion for Appointment of Counsel (Doc. 4), a Request for the Court to Issue a Preliminary Injunction Order (Doc. 5), and a Memorandum of Law and Declaration in support of the request for a preliminary injunction.  The Court will grant the Application to Proceed, dismiss the Complaint with leave to amend, and deny without prejudice the Motion for Appointment of Counsel and Request for the Court to Issue a Preliminary Injunction Order.

**I.      Application to Proceed In Forma Pauperis and Filing Fee**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

JDDL-K

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The imminent danger exception applies "if the complaint makes a *plausible allegation* that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

In his Complaint, Plaintiff asserts that his twenty-first lawsuit, *Scott v. Stewart*, CV 05-00714-TUC-FRZ, was dismissed because he has three strikes.  He claims the current action "meets the 3 strikes exemption because it [concerns Plaintiff] being denied medical care which places [Plaintiff] in imminent danger."  Plaintiff alleges a skin cancer clinic twice froze off his skin cancer and, at the last visit, scheduled him for a follow-up visit and indicated that they would "utilize other removal methods if [the cancer] came back again."  He contends the follow-up visit was supposed to occur two years ago, but he has not been taken back to the clinic or otherwise treated, and the skin cancer is "swelling up and hurting," which "is what skin cancer does when it's at spreading stages."  Liberally construed, these allegations are sufficient to meet the imminent danger requirement.

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

1   relief may be granted, or that seek monetary relief from a defendant who is immune from

2   such relief.  28 U.S.C. § 1915A(b)(1)–(2).

3        A pleading must contain a "short and plain statement of the claim *showing* that the

4   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

5   not demand detailed factual allegations, "it demands more than an unadorned, the-

6   defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

8   conclusory statements, do not suffice." *Id.*

9        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

10   claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

11   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

12   that allows the court to draw the reasonable inference that the defendant is liable for the

13   misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for

14   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

15   experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual

16   allegations may be consistent with a constitutional claim, a court must assess whether there

17   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

18        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

19   must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

20   (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

21   standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551

22   U.S. 89, 94 (2007) (per curiam)).

23        If the Court determines that a pleading could be cured by the allegation of other

24   facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

25   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

26   Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may

27   possibly be amended to state a claim, the Court will dismiss it with leave to amend.

28   . . . .

1

### III.    Complaint

2        In his two-count Complaint, Plaintiff names as Defendants the GEO Corporation,

3    Dr. Richardson, Nurse Practitioner Lucero, Director of Nursing Taylor, Facility Health

4    Administrator/Health Services Administrator/Registered Nurse Michelle Voigt, Complex

5    Warden Rigley, Deputy Warden Moorish, Sergeant Gleason,[1] Corrections Officer (CO) IV

6    Cole, CO III Thacker, "MNI" Pluckett, Administrative Assistant B. Curtis, and Arizona

7    Department of Corrections Director Shinn.  In his Request for Relief, Plaintiff seeks

8    injunctive relief and monetary damages.

9        In **Count One**, Plaintiff raises a claim under the Eighth Amendment regarding his

10    medical care.  Plaintiff alleges he did not know that the cluster of bumps on his neck were

11    skin cancer until four years ago, when he was first sent to a skin cancer clinic and they

12    "froze it off."  He contends the bumps returned, and he returned to the clinic, where the

13    clinic "froze it off again," scheduled him for follow-up appointment in six months, and told

14    him they would "utilize other removal methods if [the skin cancer] came back again."

15        Plaintiff alleges it has been more than two years and he still has not returned to the

16    clinic.  He claims the bumps on his neck returned and he has "continually told this to

17    medical."  Plaintiff asserts that over a year ago, he asked Defendant Richardson for the

18    follow-up appointment.  He contends Defendant Richardson stated that he would schedule

19    a biopsy, but Plaintiff has never received the biopsy, and Defendant Richardson ignored

20    the follow-up appointment.

21        Plaintiff alleges the bumps began to swell up and hurt, which he claims "is what

22    skin cancer does when it's at spreading stages."  He contends he began submitting health

23    needs request forms for "the missed appointment or anything."  Plaintiff asserts that when

24    he was seen by the medical department regarding the health needs request forms, or

25    whenever he was "seen for something else," he brought up the skin cancer, explained that

26    it was swelling and hurting, and "pleaded to get it tended to."

27    _____

28        [1] Plaintiff alleges that Defendant Gleason was a CO III at the time of the events discussed in the Complaint, but is now a sergeant.

Plaintiff alleges that a couple of months ago, he saw Defendant Lucero, who looked in his medical file and found information regarding the follow-up appointment.  He claims that instead of "trying to get [Plaintiff] that [appointment]," she said that she would "get with [Defendant] Richardson."  Plaintiff contends that nothing happened.  He asserts that the next time he saw Defendant Lucero, she indicated that they were "still looking for your results," which "made no sense because it was never tested."

In **Count Two**, Plaintiff alleges he was denied due process and subjected to cruel and unusual punishment.  He claims he filed an informal resolution on May 12, 2022, but it was never answered, so he proceeded to file a formal grievance.  He asserts the CO IIIs in his building told him that they had spoken to someone in the medical department, and that person indicated that the medical department had never received the informal resolution.  The CO IIIs instructed Plaintiff to refile the informal resolution and told Plaintiff the medical department would "quickly address the issue."

Plaintiff contends he refiled the informal resolution on June 6, 2022.  He alleges that pursuant to policy, medical informal resolutions are processed through the CO IIIs (Defendants Gleason and Thacker) and the "responsible medical staff" (Defendants Pluckett, Taylor, and Curtis), who are supposed to attempt to resolve the issue.  However, Plaintiff did not receive a response to his June 6, 2022 informal resolution.

Plaintiff contends that because he did not receive a response to his informal resolution, he filed a formal grievance on June 27, 2022.  Plaintiff alleges that pursuant to policy, formal grievances are processed by the CO IV (Defendant Cole) and the Facility Health Administrator (Defendant Voigt).  He claims that pursuant to policy, "they have 1 week," but he has not received a response or "been seen yet."

Plaintiff contends "wardens & administrators" (Defendants Moorish and Rigley) are responsible for "ensuring department staff follow [the] grievance policy."  He also asserts Defendant Shinn is "responsible for the overall operation of the grievance policy."

Plaintiff alleges that he has "detailed the problems of [his] skin cancer at every available level," thereby "making all pertinent staff fully aware."  He claims "their failure

to act make[s] them culpable." Plaintiff asserts the medical and non-medical administrators have violated the grievance policy and their "denials of [Plaintiff's] rights to due process ha[ve] prevented the issue of [his] skin cancer from being looked into" and have prevented Plaintiff from being treated. He claims "[t]his makes [Defendant] GEO, that employs them[,] liable."

**IV.    Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

**A.    Defendant GEO**

To state a claim under § 1983 against a private entity performing a traditional public function, such as operating a prison or providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and

how it violated his constitutional rights.  A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights.  *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff does not allege that any of the conduct described in the Complaint was the result of a specific policy or custom of Defendant GEO.  Thus, the Court will dismiss without prejudice Defendant GEO.

### B.    Count One

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458,

460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff alleges that when he asked Defendant Richardson about the follow-up appointment, Defendant Richardson stated that he would schedule a biopsy, but Plaintiff has never received the biopsy or the follow-up appointment. He claims that when he spoke to Defendant Lucero about the follow-up appointment, she indicated that she would "get with [Defendant] Richardson," but "nothing happened." He contends that when he next saw Defendant Lucero, she indicated that they were "still looking for your results," which "made no sense because it was never tested." At best, these allegations might support a claim of negligence or medical malpractice, but are insufficient to rise to the level of deliberate indifference. Thus, the Court will dismiss without prejudice Count One.

### C.   Count Two

#### 1.   Due Process

The failure to follow grievance procedures does not give rise to a due process claim. *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of constitutional rights). "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, the Court will dismiss Plaintiff's due process claim in Count Two.

. . . .

## 2.   Failure to Act

Under Ninth Circuit law, a defendant can be liable for failure to act.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   Generally, whether a defendant's denial of administrative grievances is sufficient to state a claim depends on several facts, including whether the alleged constitutional violation was ongoing, *see e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010), and whether the defendant who responded to the grievance had authority to take action to remedy the alleged violation, *see Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009).

Plaintiff does not allege what information he provided in his informal resolution and formal grievance or what resolution he sought in either the informal resolution or formal grievance.  Thus, the Court cannot determine whether any Defendant acted with deliberate indifference.  Moreover, it is not clear that the non-medical personnel responsible for responding to the informal resolution and formal grievance had any authority to take action. *Cf. Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (finding no deliberate indifference where supervisor signed off on plaintiff's grievance appeal without independently reviewing plaintiff's claims because the supervisor had no independent experience in particular area of medicine and relied on the medical opinions of staff with the relevant expertise).  Absent more, Plaintiff's allegations are too vague and conclusory to state a claim.

In addition, Plaintiff has simply made vague and conclusory allegations against groups of Defendants, without any factual specificity as to what any particular Defendant did or failed to do.  This is insufficient.  *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as

to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").  Thus, the Court will dismiss without prejudice the failure-to-act claim in Count Two.

**V.    Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

. . . .

1   Plaintiff must repeat this process for each person he names as a Defendant.  If
2   Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
3   injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for
4   failure to state a claim.  **Conclusory allegations that a Defendant or group of**
5   **Defendants has violated a constitutional right are not acceptable and will be**
6   **dismissed**.

7   **VI.   Preliminary Injunction**

8   Plaintiff seeks a preliminary injunction ordering Defendant GEO to send him to a
9   skin cancer clinic "for removal & testing" and to "comply with any & all appointments,
10  treatments & medications that clinic administers."

11  Whether to grant or deny a motion for a temporary restraining order or preliminary
12  injunction is within the Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d
13  1130, 1132-33 (9th Cir. 1979).  An injunction or restraining order is appropriate to grant
14  "intermediate relief of the same character as that which may be granted finally," but relief
15  is not proper when it is requested on matters lying wholly outside the issues in the suit.
16  *DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945).  To obtain injunctive
17  relief, the party "must necessarily establish a relationship between the injury claimed in the
18  party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d
19  470, 471 (8th Cir. 1994) (per curiam).  In other words, Plaintiff must seek injunctive relief
20  related to the merits of his underlying claims.  Because the Court has dismissed the
21  Complaint, the Court will deny without prejudice Plaintiff's Request for the Court to Issue
22  a Preliminary Injunction Order.

23  **VII.   Motion for Appointment of Counsel**

24  Plaintiff seeks the appointment of counsel, alleging that he cannot afford counsel,
25  he has been unable to find an attorney to represent him, and his "worsening physical state"
26  would give Defendants an unfair advantage if he had to work on the case alone.  He
27  contends the issues in the case are complex and require significant research and
28  investigation, but he has limited access to legal books and limited knowledge of the law.

Plaintiff also claims that a trial would likely involve conflicting testimony and that an attorney would be better able to present evidence and cross-examine witnesses.

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

**VIII.  Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

. . . .

1    (5)    Plaintiff's Motion for Appointment of Counsel (Doc. 4) and Request for the
2  Court to Issue a Preliminary Injunction Order (Doc. 5) are **denied without prejudice**.

3    (6)    The Clerk of Court must mail Plaintiff a court-approved form for filing a
4  civil rights complaint by a prisoner.

5    Dated this 28th day of July, 2022.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:   _____
Address:_____
            Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
    Print the relief you are seeking in the space provided.

**SIGNATURE:**
    You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


## FINAL NOTE

    You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                  Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

             Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
           (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 12/1/20                  1                  **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
                     (Position and Title)                                              (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
                     (Position and Title)                                              (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
                     (Position and Title)                                              (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
                     (Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

     a.   First prior lawsuit:
          1.   Parties: _____ v. _____
          2.   Court and case number: _____.
          3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____.

     b.   Second prior lawsuit:
          1.   Parties: _____ v. _____
          2.   Court and case number: _____.
          3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____.

     c.   Third prior lawsuit:
          1.   Parties: _____ v. _____
          2.   Court and case number: _____.
          3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                        ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?                ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail                ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property            ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what
**each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?       ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities         ☐ Mail               ☐ Access to the court         ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion        ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                        ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?          ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                         DATE                                     SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6