# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Joe Scott,<br><br>    Plaintiff,<br><br>v.<br><br>GEO Corporation, et al.,<br><br>    Defendants. | No. CV-22-08129-PCT-JAT (JFM)<br><br>**ORDER** |

In this civil rights action, Plaintiff sued Defendants GEO Corporation, Health Service Administrator Amber Puckett, Assistant Director of Nursing Kimberly Grassi, Dr. Richardson, and Nurse Practitioner Lucero (Doc. 11). He raised Eighth Amendment medical care claims regarding his skin cancer (Count One) and swollen lymph nodes (Count Two). In an October 2022 Order, the Court directed service on Defendants (Doc. 17). Service was executed as to Defendants Richardson, Grassi, Lucero, and Puckett on December 22, 2022 and as to GEO Corporation on December 28, 2022 (Docs. 19-23). No Defendant has yet filed an Answer. Instead, on January 12, 2023, Defendants filed a motion to enforce a settlement between the parties (Doc. 24).

Defendants maintain that on November 28, 2022, counsel for Defendants conducted a conference call with Plaintiff to discuss this matter's status and about Plaintiff's intent to proceed with litigation. Defense counsel asserts Plaintiff reported his issues with GEO Defendants were resolved. Defense counsel then e-mailed a proposed Stipulation to Dismiss and Order of Dismissal through Plaintiff's assigned correctional officer. Plaintiff

replied he was not comfortable with a stipulated dismissal and the parties discussed Plaintiff voluntarily dismissing this action. To date, Plaintiff has not filed a Notice of Voluntary Dismissal (Doc. 24). Defendants seek to enforce the agreement.

Plaintiff responds that while he discussed the possibility of a stipulated dismissal, he "was not comfortable" with the proposed dismissal order and elected not to sign it, and he opposes dismissal of this action. Defendants reply that Plaintiff "sets forth no basis on which to continue pursuit of the lawsuit as he [likes] the health care staff Defendants and believe they are good-competent people".

A federal district court has inherent authority to enforce agreements that settle litigation before it. *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). "A settlement is a contract, and its enforceability is governed by familiar principles of contract law." *Knudsen v. C.I.R.*., 793 F.3d 1030, 1035 (9th Cir. 2015) (citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989)); *see Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) (a motion to enforce a settlement agreement is essentially "an action to specifically enforce a contract" ). In its analysis, a court "will not look to extrinsic evidence to determine the[ ] meaning" of contractual terms when the terms "on their face have a clear and unambiguous meaning.'" *United States v. Today.com Inc.*, No. CV-15-00086-PHX-DGC, 2016 WL 722997, at *2 (quoting *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000)). The movant has the burden of demonstrating that the parties formed a legally enforceable settlement agreement. *In re Andreyev*, 313 B.R. 302, 305 (B.A.P. 9th Cir. 2004).

Defendants believe that Plaintiff agreed to voluntarily dismiss this action but do not articulate the basis upon which he agreed to do so. There is no mention of consideration or agreement to provide treatment for his ongoing medical needs. Indeed, the only evidence is that Defendants sent Plaintiff dismissal paperwork, which Plaintiff refused to sign. There is no evidence of a legally enforceable settlement agreement, particularly a one-sided agreement.

Under this Court's Local Rules, "[n]o agreement between parties or attorneys is

binding, if disputed, unless it is in writing signed by the attorney of record or by the unrepresented party . . . [however] in the interests of justice the Court shall have the discretion to reject any such agreement." LRCiv 83.7.

Plaintiff's response confirms his intent to pursue this action. The Court notes that Defendants were served on December 22, 2022 and have not answered the Complaint. The Court will direct Defendants to respond to the Complaint within 14 days of this Order or the Court will enter default.

**IT IS THEREFORE ORDERED** Defendants Motion to Enforce Settlement Agreement (Doc. 24) is **denied**. Defendants must respond to Plaintiff's Amended Complaint within 14 days of this order.

Dated this 22nd day of May, 2023.

_____
James A. Teilborg
Senior United States District Judge